{¶ 17} I concur with the majority's decision to remand this matter to the trial court for resentencing but write separately to raise an additional issue I believe the court should address on remand In his second assignment of error, defendant challenges the sentence imposed by the trial court as being contrary to law. See R.C. 2953.08(G). Specifically, defendant challenges judicial findings and reasons, or lack thereof, arguing that such findings are inadequate to support the imposition of consecutive sentences as a matter of law. During the pendency of this appeal, the United States Supreme Court issued its decision in Blakely v. Washington (2004), 542 U.S.,124 S.Ct. 2531. In Blakely, the U.S. Supreme Court held that:
 {¶ 18} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra at 602, 153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]); Harris v. UnitedStates, 536 U.S. 545, 563, 153 L.Ed.2d 524, 122 S.Ct. 2406
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra § 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 19} In this case, the court could only impose consecutive sentences by making judicial factual findings on the record that were neither determined by a jury nor stipulated to by the defendant. See R.C. 2929.14(E)(4).[1] Defendant did not stipulate to the findings or otherwise waive his constitutional right to have these facts determined by a jury. Therefore, I concur with the decision to remand this matter not only for the reasons stated by the majority, but also to have the court consider the application of Blakely to defendant's sentence.
[1] While the findings may involve consideration of an offender's criminal history and prior convictions, that alone is not sufficient to support the imposition of consecutive.